FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMANTHA M.,<br><br>            Plaintiff,<br><br>   vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>            Defendant. | No. 2:17-cv-00177-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 14, 15 |

     BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's Motion, ECF No. 14, and grants Defendant's Motion, ECF No. 15.

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do his previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER - 3

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the

severity of the enumerated impairments, the Commissioner must pause to assess

the claimant's "residual functional capacity."  Residual functional capacity (RFC),

defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations, 20 C.F.R. §
416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's
RFC, the claimant is capable of performing work that he or she has performed in
the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is
capable of performing past relevant work, the Commissioner must find that the
claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of
performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's
RFC, the claimant is capable of performing other work in the national economy.
20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner
must also consider vocational factors such as the claimant's age, education and
past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of
adjusting to other work, the Commissioner must find that the claimant is not
disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to
other work, analysis concludes with a finding that the claimant is disabled and is
therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.
*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to
step five, the burden shifts to the Commissioner to establish that (1) the claimant is

ORDER - 5

capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income benefits on March 11, 2013.  Tr. 197-203.  Plaintiff alleged an onset date of July 1, 2012, Tr. 197, which was amended to June 28, 2012 at the hearing.  Tr. 52.  Benefits were denied initially, Tr. 131-34, and upon reconsideration.  Tr. 138-40.  Plaintiff appeared for a hearing before an administrative law judge (ALJ) on October 13, 2015.  Tr. 50-89.  On November 9, 2015, the ALJ denied Plaintiff's application.  Tr. 22-49.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 28, 2012.  Tr. 27.  At step two, the ALJ found Plaintiff has the following severe impairments: morbid obesity; chronic chondromalacia patella with iliotibial tract syndrome in both knees; mid to low back pain status post fall; thoracolumbar strain; asthma; left hand injury resulting in surgery between ring finger and pinky; depression and anxiety.  Tr. 27.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 28.  The ALJ then concluded that Plaintiff has the RFC to perform a light work except:

> with the ability to lift and/or carry up to 20 pounds occasionally (1/3 of the
> workday) and 10 pounds frequently (2/3 of the workday).  She can sit

throughout the work-day with normally required breaks; and can stand and/or walk for a combined total of 2 to 3 hours; occasionally climb ramps, stairs, balance or crouch; never climb ladders, ropes, scaffolds, kneel, or crawl. She has unlimited ability to use bilateral upper extremities for pushing, pulling and reaching in all directions, including overhead; unlimited visual and communicative abilities; unlimited manipulative abilities for gross and fine finger manipulation; unlimited ability to use the right dominant hand for fine finger manipulation and feeling; occasional use [sic] left hand for fine finger manipulation and feeling; unlimited environmental abilities, except should avoid concentrated exposure to extreme cold; vibration, hazards (such as machinery and unprotected heights); fumes, odors, dust gases and poor ventilation. She has the ability to complete a normal workday and workweek with legally required breaks; has the ability to perform simple as well as some detailed instructions; has the ability to use public transportation on a regular basis; would work best with superficial/occasional contact with the general public; occasional contact with co-workers and supervisors; could work in proximity to but not close cooperation with co-workers and supervisors; and could adapt to occasional changes to the routine in the work place.

Tr. 31. At step four, the ALJ found Plaintiff has no past relevant work. Tr. 42. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the Plaintiff can perform such as charge account clerk, printed circuit board assembler, and surveillance system monitor. Tr. 43. The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since June 28, 2012 through the date of the decision. Tr. 43.

On April 7, 2017, the Appeals Council denied review, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

# ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 14. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly determined Plaintiff's residual functional capacity; and

2. Whether the ALJ's step five finding was based upon a complete hypothetical to the vocational expert.

*See* ECF No. 14 at 9, 11-13.

# DISCUSSION

## A. RFC

Plaintiff contends that the RFC failed to account for Plaintiff's limitations. ECF No. 13 at 14-16.

At step four of the sequential evaluation, the ALJ must determine whether the claimant has the RFC to perform past relevant work. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th

Cir. 2008). To the extent the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Court will only disturb the ALJ's findings if they are not supported by substantial evidence. *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).

Plaintiff contends the RFC failed to incorporate Plaintiff's limitations "regarding her pain and the effects of her impairments in terms of her ability to maintain attendance and work effectively during an eight[-]hour day." ECF No. 14 at 11. Though the administrative record consists of over 400 pages of medical evidence, Plaintiff does not cite any evidence in support of this contention and does not identify any error in the ALJ's evaluation of the medical opinion evidence or symptom claims, which might otherwise explain the contention. The Court rejects Plaintiff's invitation to find that the ALJ failed to account for "pain" in some unspecified way or to develop the argument for her. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009); *see Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th. Cir. 2008) (court may decline to address issue not raised with specificity in Plaintiff's briefing).

Moreover, Plaintiff's chronic pain was considered throughout the ALJ's decision. *See* Tr. 27-41. The medical evidence includes including five medical opinions, all given "significant," "persuasive," or "great" weight by the ALJ, and properly accounted for in the thorough and detailed RFC. Tr. 34-35. Four of the medical opinions accorded great weight were psychological opinions with findings regarding Plaintiff's ability to maintain attendance and to persist that are entirely consistent with the ALJ's RFC. *See* Tr. 74 (Ellen Rozenfeld, Ph.D.: "[t]his is not a record that says to me that she's going to have problems with punctuality or maintaining a schedule based on the mental health issues."); Tr. 97-98 (Patricia Kraft, Ph.D.: "not significantly limited" in ability to maintain regular attendance and capable of "simple tasks and well learned complex tasks."); Tr. 481 (Christen Kishel, Ph.D.: though there is a "sluggishness to her," Plaintiff maintained "good persistence on difficult items," but would likely to need a career that is "not so fast-paced as to overwhelm her."); Tr. 527 (James Bailey, Ph.D.: noting Plaintiff spends five to seven hours in school and nine hours in childcare, and in concentration and persistence "she is capable of some multistep tasks. She has no real evidence of organic memory difficulty.").

The ALJ's RFC assessment is consistent with restrictions identified in the medical evidence and Plaintiff has not demonstrated error.

**B. Step Five and Hypothetical**

Plaintiff contends the ALJ's step five finding was not supported by substantial evidence because the testimony from the vocational expert was based on an improper hypothetical. ECF No. 14 at 12-13. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The ALJ is "free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Osenbrock*, 240 F.3d at 1164-65.

First, Plaintiff challenges the portion of the ALJ's hypothetical assuming a worker with "the ability to complete a normal workday and work week." ECF No. 14 at 12 (citing Tr. 87). Plaintiff contends this hypothetical is deficient because it fails to incorporate Dr. Kishel's opinions regarding her slower pace of learning and comprehension, Tr. 481-82, and Dr. Kraft's opinion that Plaintiff is "moderately" limited in the ability to complete a normal workday and work week and ability to maintain attention and concentration for extended periods of time, Tr. 97. ECF No. 14 at 13.

As discussed *supra*, this is not a case where the ALJ rejected significant probative evidence. The ALJ expressly considered, and credited, the doctor's

opinions Plaintiff claims were omitted from the hypothetical. Tr. 37, 40. Dr.

Kraft's mental functional capacity assessment found Plaintiff could understand,

remember and perform simple tasks and well learned complex tasks in a normal

paced environment. Tr. 40 (citing Tr. 98). The ALJ accorded Dr. Kraft

"significant weight" because it was consistent with the expert testimony, Plaintiff's

cognitive capacity and her activities of daily living. Tr. 37. Dr. Kishel opined

Plaintiff would need a career path that is "not so fast-paced as to overwhelm her."

Tr. 40 (citing Tr. 481). The ALJ found Dr. Kishel's opinion "persuasive" "because

it factors into consideration the claimant's capabilities as described throughout the

record and shows that the claimant is capable of some level of work activity, and

not completely unable to perform any work…" Tr. 40.

Consistent with these opinions, the ALJ found Plaintiff's impairments

limited her to "simple as well as some detailed instructions," limited contact with

the general public, co-workers and supervisors, and a work place with no more

than occasional changes to the routine. Tr. 31. The ALJ was not required to

incorporate every sentence of Dr. Kishel's and Dr. Kraft's opinions verbatim into

the RFC and hypothetical. *See Stubbs-Danielson*, 539 F.3d at 1174 (ALJ's

translation of pace and mental limitations into concrete restrictions does not

constitute a rejection of the opinion and adequately captures the restrictions where

the assessment is consistent with the medical evidence); *Turner v. Berryhill*, 705 F.

App'x 495, 498 (9th Cir. 2017) (A hypothetical question posed by a VE need not "separately mention[ ] [a claimant's] moderate difficulties in concentration, persistence, or pace" where the question limits the claimant to performing simple, routine tasks.).

Finally, Plaintiff generally contends the hypothetical failed to adequately address her complaints of pain and her limitations due to morbid obesity, noting "there is also no question that Plaintiff's weight increases her overall pain levels due to her degenerative disease and her fibromyalgia." ECF No. 14 at 13. However, Plaintiff does not identify any medical opinions that describe the impact of Plaintiff's pain and obesity on her functional capability and does not identify what limitations are allegedly missing from the RFC from Plaintiff's own testimony. The ALJ found that Plaintiff's testimony concerning her symptoms was not entirely credible – a finding that Plaintiff does not challenge. Tr. 32-37; ECF No. 14 at 9. Plaintiff failed to meaningfully develop this argument and did not file any Reply with an explanation after Defendant's opposition raised the issue. ECF No. 15 at 5-13). Accordingly, this argument is waived. *See Carmickle*, 533 F.3d at 1161 (declining to consider a matter that was not "specifically and distinctly argued in an . . . opening brief."); *Locastro v. Colvin*, 2015 WL 917616, at *2 (W.D. Wash. Mar. 3, 2015) ("The Court may deem arguments that are unsupported by explanation to be waived.") (citations omitted); *Demelo v. Colvin*, 2015 WL

ORDER - 13

1320213, at *4 (E.D. Cal. Mar. 24, 2015) ("Given that Plaintiff has failed to properly develop the argument .... the Court considers [it] waived and will not consider this issue.") (citing *Independent Towers of Washington*, 350 F.3d 925, 929 (9th Cir. 2003)).

The RFC and hypothetical contained limitations that the ALJ found credible and supported by substantial evidence in the record; thus, the ALJ properly relied on testimony by the vocational expert at step five.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No.14, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

3. The District Court Executive shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, enter **JUDGMENT,** provide copies to counsel, and **CLOSE THE FILE**.

DATED August 17, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE